IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James J. Prince, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00035 |
| v. | : | Judge Watson |
| Dr. Cha, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on defendants' unopposed January 30, 2014 motion to compel (doc. 52).

<u>Interrogatory No. 5</u>. Interrogatory No. 5 asks plaintiff to provide the names, addresses and dates of treatment by all medical providers who have treated plaintiff in the last ten years. Plaintiff responded that Dr. Keaton had all of his medical records and releases. Defendants maintain that plaintiff's response fails to identify the names, addresses and date of treatment for all medical providers for the last ten years and that without this information, it will be impossible for defendants to obtain all of the necessary medical records.

Plaintiff's response is not sufficient. Plaintiff is ORDERED to fully respond to the interrogatory. He cannot simply rely on the records that have already been submitted to Dr. Cha. Additionally, plaintiff must identify all medical providers and dates of

treatment; he cannot simply identify the medical providers that he believes have relevant records.

Document Request No. 3. Document Request No. 3 seeks medical releases sufficient in number and scope to obtain the complete medical records of each physician, hospital, or medical treatment facility identified in answers to any interrogatories. Plaintiff responded that Dr. Keaton had already obtained all medical releases and medical records from Denver Health and ABQ Healthcare. Defendants maintain that this request is insufficient because it allows plaintiff to determine what medical records are relevant.

Plaintiff's response is not sufficient. Plaintiff is ORDERED to provide medical releases for all of the medical providers identified in Interrogatory No. 5. Plaintiff cannot simply rely on the records that have already been submitted to Dr. Cha. Defendants are ORDERED to provide copies to plaintiff of the medical records they obtain using the releases.

Interrogatories Nos. 8 & 9. Interrogatories Nos. 8 and 9 ask plaintiff to disclose all civil lawsuits in which he has been involved and any criminal charges that have been filed against him. Plaintiff responded that defendants should conduct a Freedom of Information Act request to the State of Michigan.

Plaintiff's request is insufficient. The Freedom of Information Act does not apply to state agencies. Plaintiff is ORDERED to respond to these interrogatories.

<u>Conclusion</u>. For the reasons stated above, defendants' unopposed January 30, 2014 motion to compel (doc. 52) is GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>United States Magistrate Judge