IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James J. Prince, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00035 |
| v. | : | Judge Watson |
| Dr. Cha, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on plaintiff James J. Prince's February 13, 2014 second motion to compel discovery requests (doc. 53). Defendants maintain that plaintiff's motion to compel should be denied because he failed to make any effort to resolve this discovery dispute informally and because the motion was filed after the close of discovery. Defendants also maintain that they have no documents in their possession, custody or control that are responsive to his requests.

To obtain discovery, the information sought must meet the requirement of Rule 26(b)(1) that it be relevant to the claim or defense of any party.  If the discovery sought is relevant, under Rule 26(b)(2)(C)(I) the court may nonetheless limit discovery that is unreasonably cumulative, duplicative, or "obtainable from some other source that is more convenient, less burdensome, or less expensive . . . ."  The court may also consider whether the "burden or expense of the proposed discovery, outweighs its

likely benefit, taking into account the needs of the case, the amount in controversy, a party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(C)(iii), Fed. R. Civ. P.  Moreover, the court has the power to issue a protective order to prevent a party or third party to the litigation from experiencing "annoyance, embarrassment, oppression, or undue burden or expense" of discovery.

Plaintiff argues that because he represents himself he is authorized under the Ohio Department of Corrections and Rehabilitation ("ODRC") policy to obtain a copy of his prison medical records. Defendants incorrectly rely on section 5120.21 of the Ohio

Revised Code[1] for the assertion that plaintiff's medical records are not subject to discovery. ODRC Policy 07-ORD-11 provides:

> a. Offenders wishing to review their personal current active medical record may do so once each quarter by sending a request in writing to the institution Health Care Administrator.
>
> b. The Health Care Administrator will arrange a convenient time for the offender to review his or her medical record. A medical staff employee must be present during the entire time that the offender is reviewing the medical record.
>
> c. No copies of the medical file may be made for the offender.

---

[1]Section 5120.21(C) states:

> (C)(1) As used in this division, "medical record" means any document or combination of documents that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment.
>
> (2) A separate medical record of every inmate in an institution governed by the department shall be compiled, maintained, and kept apart from and independently of any other record pertaining to the inmate. Upon the signed written request of the inmate to whom the record pertains together with the written request of either a licensed attorney at law or a licensed physician designated by the inmate, the department shall make the inmate's medical record available to the designated attorney or physician. The record may be inspected or copied by the inmate's designated attorney or physician. The department may establish a reasonable fee for the copying of any medical record. If a physician concludes that presentation of all or any part of the medical record directly to the inmate will result in serious medical harm to the inmate, the physician shall so indicate on the medical record. An inmate's medical record shall be made available to a physician or to an attorney designated in writing by the inmate not more than once every twelve months.

Ohio Rev. Code § 5120.21(C).

>d. The offender is permitted to take notes, but with a pencil only.
>
>e. In the event of ongoing litigation, the Ohio Attorney General's Office or DRC Legal Department may put in place alternate access to the medical file for an offender on a case-by-case basis.

Defendants are ORDERED to provide plaintiff an opportunity to review his medical records.

Plaintiff argues that under ODRC Policy 79-ISA-01, documents in Dr. Cha's employee file concerning sexual misconduct and documents concerning Dr. Cha and Short-Tucker's resignation are not deemed confidential. Plaintiff seeks permission to review Dr. Cha's employee file or other North Central Correctional Institution administration file concerning grievances related to sexual misconduct or investigations conducted as a result of plaintiff's complaint of sexual misconduct. In response to this request, defendants asserted that this information is confidential and unlikely to lead the discovery of admissible evidence. Additionally, defendants maintain that there are no responsive documents.

If plaintiff in fact reported that Dr. Cha engaged in sexual misconduct, it appears that an investigation would have occurred. ODRC Policy 79-ISA-01(V) states that "[a]ll allegations of sexual misconduct and/or sexual harassment shall be administratively and/or criminally investigated." Defendants maintain, however, that no responsive documents exist. The Court cannot compel defendant to produce what does not exist. Defendants, however, are obligated to respond honestly and completely to discovery requests, and failure to do so will result in sanctions. *Bratka v. Anheuser-Busch*, 164

4

F.R.D. 448, 463 (S.D. Oh. 1995). In their response in opposition to the motion to compel, defendants failed to make any substantive response to this discovery request or to demonstrate that the burden of the proposed discovery outweighs its likely benefit.

Plaintiff also seeks production of the medical contract between defendant Dr. Keaton and North Management Training Corporation for the medical treatment of inmates at North Central Correctional Complex. In their response in opposition to the motion to compel, defendants failed to make any substantive response with respect to this discovery request or to demonstrate that the burden of the proposed discovery outweighs its likely benefit.

Plaintiff James J. Prince's February 13, 2014 second motion to compel discovery requests (doc. 53) is GRANTED. Defendants are DIRECTED to permit plaintiff to inspect his medical records and review, and if necessary, supplement, their responses to plaintiff's requests within fourteen (14) days of the date of this Order. If defendants locate responsive documents but conclude disclosure of such documents would be detrimental, they should file a protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District

5

Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge