**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**James J. Prince,**

    **Plaintiff,**

    v.                                   Civil Action 2:13–cv–35

**Dr. Cha,** *et al.,*                    **Judge Michael H. Watson**

    **Defendants.**

## OPINION AND ORDER

Plaintiff brings this pro se prisoner civil rights action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs and retaliated against him for filing grievances and filing the present lawsuit in violation of his rights under the Eighth and First Amendments to the United States Constitution. On July 11, 2014, the Magistrate Judge issued a report and recommendation ("R&R") in which he recommended that the Court grant Defendants' motion for summary judgment. ECF No. 93. The Court now considers Plaintiff's timely objection to the R&R. ECF No. 96.

## I. BACKGROUND

Plaintiff suffers significant pain as a result of osteomyelitis in his left ankle. In addition, he indicates he has significant pain in his neck, limited range of motion, sharp and throbbing pain, migraines, and numbness in his legs. He contends that defendants were deliberately indifferent to his serious medical needs when they failed to order corrective surgery for his damaged left ankle and

failed to prescribe certain narcotic pain medication for his serious medical conditions, in violation of his rights under the Eighth Amendment to the United States Constitution.

Plaintiff filed a grievance against Defendant Dr. Cha in April 2012. Plaintiff asserts that Dr. Cha then retaliated against him for filing the grievance in July 2012 by discontinuing his pain medication. In reality, Dr. Cha did not discontinue Plaintiff's pain medication. Rather, he began tapering Plaintiff off narcotic pain medication and prescribed other pain medication to treat Plaintiff's reported pain. In addition, Plaintiff alleges that Defendant Dr. Keaton ordered Plaintiff's medication to be crushed in order to discourage Plaintiff from prosecuting the present civil rights action. "Crushing" is typically done to prevent inmates from "cheeking," that is, hiding pills in their mouths and then stockpiling or selling them to other inmates. Similarly, Plaintiff avers Dr. Stein discontinued Plaintiff's pain medication because he knew Plaintiff had sued Dr. Keaton. Plaintiff maintains those actions violated his rights under the First Amendment to the United States Constitution, and that Defendants conspired together to violate his constitutional rights.

The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment. R&R 17, ECF No. 93. He found that Plaintiff failed to adduce evidence demonstrating that he required additional surgery for his left ankle. Specifically, the Magistrate Judge noted that Plaintiff relied on a

treatment note of Dr. Stahel to support his contention that surgery was required, but Dr. Stahel opined that surgical revision was questionable and there was no urgent need for surgery. The Magistrate Judge further noted that Plaintiff did in fact receive substantial medical treatment from Defendants and was prescribed pain medication, albeit not the medication he preferred. Based on those findings, the Magistrate Judge concluded that Plaintiff failed to demonstrate a genuine issue of material fact as to whether Defendants were deliberately indifferent to his serious medical needs.

The Magistrate Judge also rejected Plaintiff's retaliation claim against Dr. Cha, concluding that Plaintiff failed to establish the essential element of causation for such a claim. In particular, the Magistrate Judge found that Dr. Cha's discontinuation of Plaintiff's narcotic medication did not take place sufficiently close in time after Plaintiff's informal complaint about Dr. Cha to warrant an inference of retaliation based solely on temporal proximity. The Magistrate Judge likewise found Plaintiff failed to demonstrate causation with respect to the actions of Drs. Keaton or Stein. For those reasons, the Magistrate Judge recommended that the Court grant summary judgment in favor of all Defendants.

## II. STANDARD OF REVIEW

When a party objects within the allotted time to an R&R, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Van Gorder v. Grand Trunk Western R.R., Inc.* ,509 F.3d 265 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cnty. Dept. of Children and Family Serv.*, 640 F.3d 716, 723 (6th Cir. 2011). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). Summary judgment will not lie if the dispute

about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

Thus, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman*, 640 F.3d at 723 (quoting *Anderson*, 477 U.S. at 251–52).

## III. DISCUSSION

Plaintiff advances five alleged errors in his objection. First, he asserts the Magistrate Judge erred by failing to provide Plaintiff certain medical reports and X-rays. He maintains those documents would have established the objective and subjective components of his deliberate indifference claim. Second, Plaintiff objects to the Magistrate Judge's conclusion that affidavits and declarations must be made on personal knowledge and state facts that would be admissible in evidence, arguing that he was denied discovery of the aforementioned medical records. Third, Plaintiff contends the Court should reject the Magistrate Judge's finding that Plaintiff has not adduced evidence showing that Defendants denied any reasonable requests for medical treatment and that he failed to submit evidence demonstrating that he required additional surgery. Fourth, Plaintiff argues the Magistrate Judge erred when he concluded that Plaintiff had not

presented evidence to support the element of causation with respect to his retaliation claim against Dr. Cha. Fifth, Plaintiff maintains the Magistrate Judge improperly found that Plaintiff failed to adduce evidence showing that the order to "crush" Plaintiff's medication was issued to discourage Plaintiff from prosecuting the present lawsuit.

Noting that Plaintiff is an admitted heroin addict, Defendants assert this lawsuit stems primarily from Plaintiff's unsuccessful efforts to obtain strong narcotic prescription pain medication from Defendants. Defendants note that they prescribed pain medication for Plaintiff but not the kind he demanded. Defendants argue that because Plaintiff received medical treatment from them on numerous occasions, his Eighth Amendment deliberate indifference claim fails. In addition, Defendants assert that Plaintiff cannot satisfy the causation element of his First Amendment claim, and the Magistrate Judge therefore properly recommended dismissal of that claim.

Plaintiff's first three arguments pertain to his Eighth Amendment deliberate indifference claim, and the Court will address them together. The Court will then examine Plaintiff's fourth and fifth arguments, both of which involve his First Amendment retaliation claim.

## A. Deliberate Indifference

Plaintiff asserts Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by displaying deliberate indifference to his

serious medical needs by failing to order corrective surgery for his left ankle. He brings his claim pursuant to 42 U.S.C. § 1983, which states:

> [e]very person who, under color of any statute, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States, shall be liable to the party injured in an action at law, suit in equity, or other proceedings for redress[.]

42 U.S.C. § 1983. To prevail on a claim under § 1983, a plaintiff must show that a person acting under color of law deprived him of his rights secured by the United States Constitution or its laws. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (internal citation omitted).

To establish deliberate indifference to serious medical needs, a plaintiff must show two things. First, he must show that objectively, he has a sufficiently serious medical need such that denial of the need would pose a substantial risk of serious harm. *Quigley v. Thai*, 707 F.3d 675, 681 (6th Cir. 2013). Second, a plaintiff must also show that defendants subjectively acted with deliberate indifference to that serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Quigley*, 707 F.3d at 681. This requires a showing that the defendants

were aware of facts from which they could draw the inference that the plaintiff faced a substantial risk of harm, actually drew the inference, and acted in disregard of that risk. *Id.* A plaintiff must show more than mere negligence or a disagreement with the treatment in order to show a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Quigley*, 707 F.3d at 81. Such a showing reflects a "degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Perez v. Oakland Cnty.*, 466 F.3d 416, 424 (6th Cir. 2006) (quotation marks and citation omitted).

Plaintiff suggests that the result of this matter would have been different had he been provided the medical reports and X-rays from Dr. Vangorp of the Wyandot Memorial Hospital and Dr. Ramineni of the University of Toledo Medical Center. Plaintiff maintains those documents would establish that Dr. Vangorp had recommended a subtalar fusion and Dr. Ramineni determined that Plaintiff's left ankle contained a partial "dead bone," the removal of which would relieve his pain.

The Court notes initially that Plaintiff's objection does not address his claim that Defendants were deliberately indifferent in the manner they prescribed pain medication. The Court therefore deems Plaintiff to have waived any Eighth Amendment claim concerning pain medication. Nor does Plaintiff cogently challenge the Magistrate Judge's finding that the treatment report of Dr. Stahel

does not establish that Defendants were deliberately indifferent. The Magistrate Judge accurately summarized the salient points of Dr. Stahel's report as follows:

> Prince was described as aggressive and disruptive. Prince demanded to be scheduled for surgery. Dr. Stahel opined that surgical revision remained questionable and that there was no urgent or emergent indication for surgery in terms of acute threat to limb or life. Instead, he recommended that plaintiff seek follow up treatment with a different provider, such as the limb salvage group under the guidance of Dr. Wilkins.

R&R 7, ECF No. 93. Dr. Stahel also noted that Plaintiff did not exhibit any signs of distress as he walked out of the examination room, and he observed Plaintiff was wearing normal shoes and was able to bear weight with his left foot without restrictions. Stahel Report 1, ECF No. 88-1. Defendants' knowledge of Dr. Stahel's report does not demonstrate deliberate indifference to Plaintiff's serious medical needs.

The crux of the matter, then, is whether Plaintiff could conceivably demonstrate a genuine issue of material fact on the objective and subjective components of his deliberate indifference claim based on the medical reports and X-rays from the University of Toledo Medical Center which he did not receive. He cannot. The reports to which Plaintiff refers are, according to Plaintiff, dated February 2014 and April 2014, well after he filed the instant lawsuit. Even assuming the reports and X-rays indicate that Drs. Vangorp and Ramineni believed surgery on Plaintiff's left ankle was necessary, those opinions were rendered *after* the period of time during which Plaintiff asserts Defendants were

deliberately indifferent to his serious medical needs. Indeed, Plaintiff was referred to the University of Toledo Medical Center after he was transferred to a different prison facility. Consequently, the reports and X-rays could not demonstrate that Defendants were aware that Plaintiff required surgery during the relevant period. In short, the 2014 reports of Drs. Vangorp and Ramineni do not support Plaintiff's deliberate indifference claim. Accordingly, the Court overrules his objection as to that claim.

## B. Retaliation

Plaintiff argues the Magistrate Judge erred in finding that Plaintiff failed to establish a causal connection between his First Amendment activities and Defendants' alleged adverse actions. Defendants assert Plaintiff failed to adduce any evidence to support a causal connection, and the Court should therefore overrule Plaintiff's Objection with respect to his First Amendment claim.

To state a claim for relief under § 1983 for a First Amendment retaliation claim, a plaintiff must show that:

> (1) the plaintiff engaged in protected conduct;
>
> (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and
>
> (3) there is a causal connection between elements one and two— that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (quoting *Thaddeus-X v.*

*Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). With respect to the third element, "the causation inquiry centers on the defendant's motive." *Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007). "Because direct evidence of retaliatory intent is rare, circumstantial evidence may be 'the only means of establishing the connection between a defendant's actions and the plaintiff's protected conduct.'" *Griffin v. Berghuis*, 563 F. App'x 411, 420 (6th Cir. 2014) (quoting *King*, 680 F.3d at 695). A close temporal proximity between the protected conduct and the retaliatory act may give rise to an inference of retaliatory motive. *Id.*

Here, despite Plaintiff's characterization to the contrary, the record shows that Dr. Cha did not immediately discontinue Plaintiff's pain medication. Rather, the dosage of narcotic pain medication was tapered, and different pain medication was prescribed to replace it. Dr. Cha avers he was unaware that Plaintiff filed a grievance against him, and that assertion remains uncontroverted. Plaintiff points out that the medical file contains a notation that a grievance had been filed. Nonetheless, Plaintiff also concedes that he has filed more than 50 grievances concerning his medical care and there is no evidence that the notation in the medical file referred to Plaintiff's grievance against Dr. Cha. Consequently, the only evidence of causation is that three months after Plaintiff filed his grievance against Dr. Cha, Dr. Cha began tapering Plaintiff's narcotic pain medication in conjunction with providing a new pain medication regimen. The Court agrees with the Magistrate Judge that a temporal proximity of three

months, without more, does not create a genuine issue of material fact as to causation. As a result, Plaintiff's retaliation claim against Dr. Cha fails as a matter of law, and the Court therefore overrules Plaintiff's objection to the Magistrate Judge's R&R with respect to that claim.

Lastly, Plaintiff's purported conspiracy and humiliation claims against Drs. Keaton and Stein fail for similar reasons. The Court agrees with the Magistrate Judge that those claims are essentially retaliation claims as they are tied to the filing of the grievance against Dr. Cha as well as the filing of instant lawsuit. Plaintiff adduced no evidence of causation for those claims, nor did he submit evidence to support a conspiracy among the physicians. Accordingly, the Court overrules Plaintiff's objection to the Magistrate Judge's recommendation that those claims be dismissed on summary judgment.

## IV. DISPOSITION

Based on the above, the Court **OVERRULES** Plaintiff's Objection (ECF No. 96), **ADOPTS** the Magistrate Judge's July 11, 2014 Report and Recommendation (ECF No. 93) in its entirety, and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 63).

The Clerk shall enter final judgment in favor of Defendants, and against Plaintiff, dismissing this action in its entirety on the merits with prejudice.

The Court further **DENIES** as without merit Plaintiff's motions for reconsideration of the Magistrate Judge's orders denying appointment of counsel,

ECF Nos. 58 and 76. The Court further denies as without merit Plaintiff's objection to the Magistrate Judge's order granting Defendants' motion to compel, ECF No. 74. The Court denies as moot Defendant's motion to strike Plaintiff's second response to Defendant's summary judgment motion, ECF No. 89.

The Clerk shall remove ECF Nos. 58, 63, 74, 76, 89, and 93 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**