IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JAMES J. PRINCE,

      Plaintiff,

   vs.                           Civil Action 2:13-cv-0035
                                    Judge Watson
                                    Magistrate Judge King

DR. CHA, *et al.*,

      Defendants.


ORDER AND
REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs and retaliated against him for filing grievances.  This matter is before the Court on several pending motions.

As way of background, the assigned district judge, the Honorable Michael H. Watson, previously granted, over plaintiff's objection, defendants' motion for summary judgment.  *Opinion and Order*, ECF 98 ("*Opinion*").  Judgment in this case was entered on September 4, 2014. *Judgment*, ECF 99 ("the judgment").

Plaintiff has now moved for reconsideration and for relief from that *Opinion* and from the judgment and asks that Judge Watson recuse himself.  ECF 100, 101.  Defendants oppose plaintiff's requests, ECF 102, and seek to strike plaintiff's reply memorandum in support of his motions, ECF 104.  Defendants contend that plaintiff's reply, ECF 103,

1

was due on or before October 22, 2014, but that plaintiff did not serve his reply until October 31, 2014.  ECF 104, p. 2 (citing S.D. Ohio Civ. R. 7.2(a)(2)).  Although there was a nine-day delay in serving the reply, the record does not reflect that defendants will suffer any prejudice if the Court considers this *pro se* plaintiff's untimely reply.  Moreover, the Court had not yet begun to consider plaintiff's motions when plaintiff filed the untimely reply.  Accordingly, under the circumstances of this particular case, defendants' motion to strike, ECF 104, is not well-taken and the Court will exercise its discretion and consider plaintiff's reply, ECF 103, when resolving his motions to reconsider, ECF 100, 101.  *Cf*. *Cummins v. Liberty Life Assur. Co*., No. 2:10-cv-00108, 2010 U.S. Dist. LEXIS 126474, at *5-7 (S.D. Ohio Nov. 19, 2010) (exercising discretion and denying request to strike untimely memorandum where, *inter alia*, no prejudice resulted and collecting cases where this Court has declined to strike untimely memoranda).

Plaintiff has also filed a motion asking the Court to accept certain exhibits in support of his motions for reconsideration.  ECF 107.  The exhibits are a partial docket sheet and order dated April 23, 2014, taken from *Prince v. Turner*, No. 3:13-cv-1051, filed in the United States District Court for the Northern District of Ohio.  *Id*. at 1, 6-7.  These exhibits relate to plaintiff's petition for a writ of habeas corpus and are irrelevant to the motions pending before this Court.  Moreover, to the extent that plaintiff's motion, ECF 107, may be construed as a Rule 60(b) motion based on newly acquired evidence, plaintiff has failed to explain why he could not acquire such evidence

2

sooner.  *See*, *e.g.*, *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584-85 (6th Cir. 2014) (requiring that a party moving under Rule 60(b) demonstrate by clear and convincing evidence that it exercised due diligence in obtaining the proffered information and that the evidence is material and "clearly" would have produced a different result).  For these reasons, plaintiff's request that the Court accept certain exhibits, ECF 107, is not well-taken.

Turning to the merits of his request for recusal, plaintiff alleges that Judge Watson's *Opinion* contains fraudulent factual statements.  ECF 100, pp. 2-5; ECF 101, pp. 1-3; ECF 103, p. 6.  Plaintiff asks that Judge Watson recuse himself pursuant to Fed. R. Civ. P. 63 and 28 U.S.C. § 144.  ECF 100, p. 5; ECF 103, p. 6.  Rule 63 provides that "[i]f a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties."  Fed. R. Civ. P. 63.  In short, Rule 63 addresses situations where, after the commencement of a trial or a hearing, a judge is "unable to proceed." The Rule is simple inapplicable to this case, where no trial or hearing has commenced.

However, a federal judge must recuse himself when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending, has a personal bias or prejudice either against [her] or in favor of any adverse party. . . ."  28 U.S.C. § 144.  Plaintiff's reply memorandum in support of his request for recusal, ECF 103, is sworn under penalty of perjury.  Construing his filing

liberally, the Court accepts this filing as plaintiff's affidavit under Section 144.  The bias or prejudice that mandates recusal, however, must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible. *See*, *e.g.*, *Liteky v. United States*, 510 U.S. 540, 556 (1994).  In this regard, judicial rulings alone almost never constitute a basis for recusal.  *Id.*; *Williams v. Anderson*, 460 F.3d 789, 815 (6th Cir. 2006).

In the case presently before the Court, plaintiff alleges that Judge Watson's *Opinion* contains fraudulent factual statements and is the result of judicial misconduct.  *See generally* ECF 100, 101, 103. Plaintiff's assertions, however, merely reflect his disagreement with Judge Watson's assessment of the record made in that ruling.  Those statements do not constitute the deep-seated antagonism toward plaintiff that would either render fair judgment impossible or require recusal.

Plaintiff also seeks reconsideration of or relief from judgment from the *Order* and judgment entered on September 4, 2014.  ECF 100, 101, 103.  In his reply, ECF 103, plaintiff clarifies that he seeks relief under Fed. R. Civ. P. 60(b)(3), which provides in relevant part that a district court may order relief from a final judgment or order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]"  A party moving under Rule 60(b)(3) must demonstrate "by clear and convincing evidence that the district court's judgment was obtained by fraud or

misconduct." *Crehore v. United States*, No. 06-2110, 253 F. App'x 547, 549 (6th Cir. Nov. 5, 2007).

In the case presently before the Court, plaintiff concedes that this rule applies to the conduct of a party to the litigation; he has found no authority that applies the rule to the conduct of a presiding judge. *See generally* ECF 103. Plaintiff nevertheless insists that this rule entitles him to relief based upon the statements in Judge Watson's *Order* and the defendants' later filings that relied on those statements. *Id*. Plaintiff contends that this conduct amounts to "Fraud on the court to deprive a litigant from a Jury Trial." *Id.* at 1. Plaintiff's arguments are not well-taken. Although plaintiff points to instances in which defendants relied on statements contained in the *Opinion*, his arguments in this regard simply boil down to a disagreement with Judge Watson's assessment of the record as reflected in the *Opinion*. To the extent that plaintiff believes that the Court's *Opinion* and the judgment entered in this case are erroneous, his recourse is to file an appeal.

In light of the foregoing, plaintiff's request for a status of his previously filed motions, ECF 105, is moot.

**WHEREUPON**, defendants' motion to strike, ECF 104, and plaintiff's motion to accept attached exhibits, ECF 107, are **DENIED** and plaintiff's motion asking for the status of previously filed motions, ECF 105, is **DENIED as moot**. It is **RECOMMENDED** that plaintiff's motion for relief from judgment, ECF 100, plaintiff's amended motion for relief from judgment, ECF 101, and plaintiff's request that the presiding judge recuse himself, ECF 107, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                        s/Norah McCann King
                                      Norah M^cCann King
     June 8, 2015                 United States Magistrate Judge

6