UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James J Prince,

    Plaintiff,

    v.                                          Case No. 2:13–cv–35

Dr Cha, *et al.*,                      Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

James J. Prince ("Plaintiff"), proceeding *pro se*, brought this lawsuit under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment and First Amendment rights. ECF No. 56.[1] The Court previously granted Defendants' motion for summary judgment, ECF No. 63, in this case. ECF No. 98.

Plaintiff now moves for relief from the Court's Order under Federal Rule of Civil Procedure 60(b)(3). Mot. Relief 2, ECF No. 100; *see* Amend Mot. 1, ECF No. 101. He asks the Undersigned to recuse himself pursuant to 28 U.S.C. § 144 and Federal Rule of Civil Procedure 63. Mot. Relief 5, ECF No. 100; Reply 6, ECF No. 103. On June 8, 2015, Magistrate Judge Norah McCann King prepared a Report and Recommendation ("2015 R&R"), recommending that Plaintiff's motions be denied. 2015 R&R 5, ECF No. 110. Plaintiff timely objected. ECF No. 111.

---

[1] Plaintiff amended his complaint three times. All references to his allegations are to the complaint's third iteration, which merely tacks onto the allegations averred in the first (¶¶ 1–36a, ECF No. 3) and second (¶¶ 36b–65, ECF No. 7) iterations.

For the following reasons, Plaintiff's objections are **OVERRULED**.

## I. BACKGROUND

At the time he initiated this lawsuit, Plaintiff was a prisoner incarcerated at North Central Correctional Complex ("the Complex"). Defendants were employed at the Complex: Dr. Cha ("Dr. Cha"), as an institutional physician, Dr. Keaton ("Dr. Keaton"), as the Medical Director, L.N.P. Shortucker ("Nurse Shortucker"), as a licensed nurse, and Dr. Stein, as a medical professional.

The Court referred Defendants' motion for summary judgment, ECF No. 63, to Magistrate Judge Mark Abel for a report and recommendation. The Undersigned reviewed the July 11, 2014 R&R ("2014 R&R"), ECF No. 93, overruled Plaintiff's objections, ECF No. 96, and found in favor of Defendants. Order, ECF No. 98.

### A. The Eighth Amendment Claim

Plaintiff alleged that he was suffering from serious medical conditions relating to his left ankle and that he had informed Dr. Cha of those conditions and his need for a limb salvage specialist and corrective surgery in an initial February, 2012, medical exam. Compl. ¶¶ 11–13, ECF No. 56. Plaintiff alleged that Dr. Cha denied his request and instead only prescribed him a minimum amount of pain medication. *Id.* ¶ 13. Plaintiff made similar allegations against Dr. Keaton, Nurse Shortucker, and Dr. Stein. *Id.* ¶¶ 21–23, 40–45, 50–51.

To establish an Eighth Amendment claim, Plaintiff must show that Defendants acted with "deliberate indifference" to his serious medical needs. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

Upon review of Defendant's Motion, ECF No. 63, Magistrate Judge Abel found that Plaintiff conceded that he had received treatment from Defendants and failed to provide any evidence demonstrating that the treatment was so inadequate to constitute deliberate indifference. 2014 R&R 12–13, ECF No. 93. Therefore, Magistrate Judge Abel recommended that summary judgment be granted in favor of Defendants as to Plaintiff's Eighth Amendment claim. *Id.* at 13.

In his objection to the 2014 R&R ("2014 Obj."), ECF No. 96, Plaintiff argued that Defendants had indeed acted with deliberate indifference because they disregarded the medical reports provided by a Dr. Vangorp of the Wyandot Memorial Hospital and a Dr. Ramineni of the University of Toledo Medical Center (the "Medical Reports"), in which Dr. Vangorp and Dr. Ramineni recommended that Plaintiff undergo a subtalar fusion to remove a dead bone in his left ankle. 2014 Obj. 4, ECF No. 96.

Because the Medical Reports relied on in Plaintiff's objection dated well after Plaintiff filed his final amended complaint, the Court found that Plaintiff failed to show that there was a genuine dispute of material fact as to whether

Defendants acted with deliberate indifference by disregarding these Medical Reports.[2] Order 7–10, ECF No. 98.

The Court also noted that Plaintiff was referred to Dr. Ramineni only after he was transferred to another prison, which meant the medical professionals at the Complex would not have even been made aware that the Medical Reports existed. *Id.* at 10.

Accordingly, the Court overruled Plaintiff's objection and adopted the 2014 R&R as to the Eighth Amendment claim. *Id.* at 10.

### B. The First Amendment Claim

Plaintiff also filed a grievance against Dr. Cha which he claims was fraudulently deemed "untimely" by the Inspector at the Complex on July 3, 2012, Compl. ¶ 16–17, ECF No. 56, and that Dr. Cha retaliated against him by terminating his pain medication on that same day. *Id.* ¶ 26. Plaintiff made similar allegations against Dr. Keaton and Dr. Stein. *Id.* ¶ 30, 60–62.

To establish a valid First Amendment claim, Plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is causation between elements (1) and (2). *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012). A close temporal proximity between

---

[2] While the Medical Reports were rendered prior to the date the Court granted Plaintiff leave to file his final amended complaint, the fact remains that Plaintiff's allegations against Defendants date to when he filed leave to amend.

the protected conduct and the adverse action may give rise to an inference of causation. *Id.* at 695.

Magistrate Judge Abel determined that Plaintiff failed to establish sufficient causal connection between the time he filed his grievance, which was not established on the record, and the alleged discontinuation of his medication. 2014 R&R 15–16, ECF No. 93. Magistrate Judge Abel also found that Plaintiff failed to produce any evidence to support his allegations against Dr. Keaton and Dr. Stein. *Id.* 16–17.

Upon review, the Court determined the following facts undermine Plaintiff's claims. First, contrary to Plaintiff's characterization, Dr. Cha did not discontinue Plaintiff's pain medication. Order 11, ECF No. 98. Second, Dr. Cha was unaware of Plaintiff's grievance against him. *Id.* Third, Plaintiff only provided circumstantial evidence regarding temporal proximity to prove the causation element of his claim, and temporal proximity alone did not suffice to establish causation. *Id.* at 12. Therefore, the Court overruled Plaintiff's objections and adopted the 2014 R&R, finding that Plaintiff's First Amendment claim against Dr. Cha failed and that his claims against Dr. Keaton and Dr. Stein failed for similar reasons. *Id.*

Based on the above, the Court granted summary judgment for Defendants on all counts. *Id.*

## II. PROCEDURAL HISTORY

Plaintiff now moves for relief from the Court's Order under Federal Rule of Civil Procedure 60(b)(3). Mot. Relief, ECF No. 100. He accuses the Undersigned of committing "Fraud on the Court" by making "false accusations not supported by the Court record." *Id.* at 3. Specifically, as to the Eighth Amendment claim, he argues that the Medical Reports were rendered two days before he amended his complaint on February 14, 2014 and thus could have constituted grounds for his claims. He also challenges the Court's finding that he was transferred prior to seeing Dr. Ramineni on April 9, 2014, claiming he was not transferred until May 28, 2014.

In response, Defendants argue that Plaintiff failed to prove any of the three components required to obtain relief under Rule 60(b)(3). Resp. 3, ECF No. 102 ("Plaintiff has not alleged (1) an error of law, (2) newly discovered evidence, or (3) new authority."). Rather, they argue Plaintiff bases his motion on factual allegations that proved to be meritless. *Id.* Defendants point out that although the Medical Reports were rendered on February 11, 2014, Plaintiff moved for leave to file the amended complaint before either of his visits to Dr. Vangorp and Dr. Ramineni. *Id.* at 3–4. Accordingly, Defendants argue that Plaintiff's motion for relief must be denied. *Id.* at 5.

In reply, Plaintiff reiterates the factual allegations in his motion for relief and asks the Undersigned to recuse himself pursuant to 28 U.S.C. § 144 and Federal Rule of Civil Procedure 63. Reply 6, ECF No. 103.

Upon Magistrate Judge Abel's retirement, Magistrate Judge King was assigned to this case for further proceedings. *See* ECF No. 106. Upon review of Plaintiff's motion for relief, Magistrate Judge King recommends denial of Plaintiff's motion. 2015 R&R, ECF No. 110. Plaintiff timely objected, ECF No. 111.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### IV. ANALYSIS

#### A. Request for Recusal

##### 1. Federal Rule of Civil Procedure 63

Plaintiff does not object to the recommendation that he was unable to satisfy the requirements for recusal under Rule 63. 2015 R&R 3, ECF No. 110. The Court therefore adopts Magistrate Judge King's recommendation as to this ground.

### 2. 28 U.S.C. § 144

28 U.S.C. § 144 states the following:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Magistrate Judge King found that Plaintiff met the requirements in order to properly *request* recusal of the Undersigned under 28 U.S.C. § 144. 2015 R&R, ECF No. 110 (construing Plaintiff's reply brief, ECF No. 103, liberally as Plaintiff's affidavit required under 28 U.S.C. § 144). Magistrate Judge King also found, however, that Plaintiff's assertions "merely reflect his disagreement with Judge Watson's assessment of the record made in that ruling," which does not arise to the "deep seated antagonism" required. *Id.* at 4. She therefore recommends the Court deny his motion, noting that, "judicial rulings alone almost never constitute a basis for recusal." *Id.* (citing *Litekey v. United States*, 510 U.S. 540, 556 (1994)).

Plaintiff objects to Magistrate Judge King's recommendation, claiming that the language paraphrasing *Litekey* "used the key words of Almost – Never, Meaning the *Litekey* Court left [sic] there ruling open to certain Judicial – rulings, To be sufficient enough for a Judge to be recused, Such as in his case." Obj. 5, ECF No. 111.

Plaintiff's objection is not well taken. Even assuming that Plaintiff satisfies the prerequisites required to require recusal under 28 U.S.C. § 144, he fails to provide any evidence to substantiate his allegation of personal bias or prejudice on the part of the Undersigned. Plaintiff merely restates the evidence regarding the Medical Reports and the timing of his transfer from the Complex adduced by the Court in its Order. *See* Obj. 1–3, ECF No. 111. Accordingly, Plaintiff's objection is overruled.

## B. Motion for Relief from Judgment

Federal Rule of Civil Procedure 60(b)(3) provides for relief from a final judgment where the moving party shows that the judgment is obtained by fraud. To prevail under Rule 60(b)(3), Plaintiff must show by clear and convincing evidence: "(1) conduct by an officer of the court, (2) that is directed towards the judicial machinery itself, (3) that is intentionally false, wil[l]fully blind to the truth or is in reckless disregard for the truth, (4) that is a positive averment or concealment when one is under a duty to disclose and (5) that deceives the court." *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007) (citing *Workman v. Bell*, 484 F.3d 837, 840 n.1 (6th Cir. 2007)).

Magistrate Judge King found that Plaintiff failed to demonstrate "by clear and convincing evidence that the Court's judgment was obtained by fraud or misconduct." 2015 R&R 4–5, ECF No. 110 (quoting *Crehore*, 253 F. App'x at 549). She determined that while "[P]laintiff points to instances in which defendants relied on statements contained in the [Order], his arguments simply boil down to a disagreement with Judge Watson's assessment of the record." *Id.* at 5. Magistrate Judge King concluded that, to the extent that Plaintiff believes the Court's judgment is erroneous, "his recourse is to file an appeal." *Id.*

While Plaintiff objects to Magistrate Judge King's R&R and cites to a series of cases which he claims "have recognized that bribery or corruption of a Judge or Jury would constitute Fraud on the Court, Within the realm of [the rule]," he does not contest Judge King's conclusion that his recourse is to file an appeal. Obj. 5, ECF No. 111 (citing *Root Ref. Co. v. Universal Oil Prods. Co.*, 169 F.2d 514 (3d. Cir. 1948), *United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22 (D. Conn. 1972), and *Chicago Title & Trust Co. v. Fox Theatres Corp.*, 182 F. Supp. 18 (S.D.N.Y. 1960)). He simply disagrees with Magistrate Judge King's application of the law.

However, none of the cases cited by Plaintiff lends support to his argument on the merits. While the cases do address situations in which courts have reviewed alleged improper influences on the judiciary, his assertion is misplaced as all the cases address alleged *outside* influences. *Root Ref. Co.*, 169 F.2d at 522 (discussing the importance of the propriety of the judiciary to the public and

addressing an outside influence's sway over a former Third Circuit Court of Appeals Judge); *Int'l Tel. & Tel. Corp.*, 349 F. Supp. at 29–33 (reviewing an intervening party's claim under the Rule but finding that the accused *party* did not "defile" the court by failing to disclose certain information); *Chicago Title & Trust Co.*, 182 F. Supp. at 23–28 (accounting a lengthy history of alleged fraud of receiverships and concluding that there was "not even a remote indication of fraud or corruption on the part of anybody[]"). That is, Federal Rule of Civil Procedure 60(b)(3) relieves a party of action conducted "by an opposing party," i.e. conduct by an officer of the court that is directed towards the judicial machinery itself. Fed. R. Civ. Pro 60(b)(3), *see also Crehore*, 253 F. App'x at 549 (requiring the conduct be directed *toward* the "judicial machinery itself" by an officer of the court).

  Here, the instances Plaintiff claims amount to fraud are the Court's findings that the Medical Reports could not constitute a basis for his Eighth Amendment claim because they were rendered after he filed this lawsuit and after the time frame he asserts Defendants were indifferent to his medical needs; that Defendants were not aware of the Medical Reports and thus could not be found indifferent to them; and that Plaintiff was transferred to different prison and thus Defendants would not have been made aware of the Medical Reports. None of these instances support a claim of an outside influence on the Court, let alone an improper one. Merely, as Magistrate Judge King stated, they demonstrate

Plaintiff's disagreement with the Undersigned's assessment of the record. Therefore, his objection cannot be sustained.

## IV. CONCLUSION

For the foregoing reasons, the Court therefore **OVERRULES** Plaintiff's objections, ECF No. 111, **ADOPTS** the R&R, ECF No. 110, and **DENIES** Plaintiff's motion for relief and request of recusal.

In addition, the Court will accept no further filings from Plaintiff in this case except for a notice of appeal. The Clerk shall remove ECF Nos. 100, 101, and 110 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT